## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **JAMES S. SPIKER** | **CIVIL ACTION NO.: 3:20-cv-00517** |
| **VERUS** | **JUDGE: TERRY A. DOUGHTY** |
| **CORY M. SALTER, FLAT CREEK TRANSPORTATION, LLC and PRIME INSURANCE COMPANY** | **MAGISTRATE JUDGE HAYES** |

## FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, JAMES S. SPIKER ("Plaintiff"), a citizen of the full age of majority, who respectfully represents:

### PARTIES

1. Plaintiff is JAMES S. SPIKER, a person of the full age of majority, domiciled, residing and a citizen of Tucker, Georgia within the County of DeKalb, State of Georgia.

2. Made defendants in this matter are:

A. CORY M. SALTER, an individual of the full age of majority, domiciled and a citizen of the State of Alabama, who may be served at 347 Baggett Road, Castleberry, Alabama 36432.

B. FLAT CREEK TRANSPORTATION, LLC ("Flat Creek"), a limited liability company, doing business in the State of Louisiana, whose principal place of business is in Kinston, Geneva County, Alabama, who may be served through its registered agent for service of process, Charles Patterson at 21477 West State Highway 52, Kinston, Alabama 36453. As a limited liability company, Flat Creek has a sole member, Charles Patterson. Charles Patterson is domiciled and a citizen of the State of Alabama. Flat Creek is a citizen of the State of Alabama and operates a nationwide, long-haul trucking company.

C. PRIME INSURANCE COMPANY ("Prime"), is a foreign insurance corporation licensed to do and/or doing business within the State of Louisiana and formed and organized under the laws of the State of Illinois, which at all times provided liability insurance coverage for the liability and faults of CORY M. SALTER and/or FLAT CREEK TRANSPORTATION, LLC. Prime's principal place of business is in

1

Sandy, Utah, and, upon information and belief, and, as a corporation, is a citizen of Illinois and Utah. Prime can be served through its designed agent for service of process, the Louisiana Secretary of State, Mr. Kyle Ardoin, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3. Defendants, CORY M. SALTER, FLAT CREEK TRANSPORTATION, LLC and PRIME INSURANCE COMPANY, are liable unto Plaintiff, JAMES S. SPIKER, jointly, severally and/or *in solido* for the full sum of the amount of damages reasonable in the premises to be proven at the trial on the merits, plus interest from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief that Plaintiff is entitled to for the following to-wit:

## JURISDICTION

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Defendants are subject to personal jurisdiction in the State of Louisiana and within the Western District of Louisiana as Defendants regularly and systematically did and presently do business on a continuing bases in the State of Louisiana, including but not limited to conducting regular motor carrier interstate operations throughout the State of Louisiana and within the Western District of Louisiana. At all times material hereto, Defendant FLAT CREEK TRANSPORTATION, LLC was an interstate trucking motor carrier operating its trucks in interstate commerce nationwide and maintaining trucking operations within the State of Louisiana. At the time of the collision in question, Defendants were operating the Flat Creek Vehicle in interstate commerce.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391, as the collision in question, which is the event or omission giving rise to this claim, occurred within the Western District of Louisiana.

## FACTUAL BACKGROUND

6.  This lawsuit arises from a collision that occurred on November 14, 2019, on Interstate 20 westbound in Richland Parish, Louisiana.

7.  On November 14, 2019, Plaintiff JAMES S. SPIKER, was the operator of a 2011 Freightliner tractor-trailer (the "Spiker Vehicle"), traveling westbound on Interstate 20. Due to traffic congestion, the Spiker Vehicle was completely stopped on Interstate 20 in the westbound right lane. The Spiker Vehicle was owned by Spiker Logistics.

8.  At same time, COREY M. SALTER ("Salter") was operating a 2020 Volvo tractor-trailer (VIN 4V4NC9EH1LN252528) (the "Flat Creek Vehicle"), which was owned by FLAT CREEK TRANSPORTATION, LLC.

9.  At all times material hereto, COREY M. SALTER was an agent, servant and/or employee of FLAT CREEK TRANSPORTATION, LLC.

10. At approximately 9:30 a.m., the Flat Creek Vehicle, while traveling westbound on Interstate 20 at an excessive rate of speed, suddenly and violently struck the rear-end of the Spiker Vehicle which was being operated by JAMES S. SPIKER, which resulted in plaintiff, JAMES S. SPIKER sustaining severe and disabling injuries.

11. At all times herein, the Plaintiff, JAMES S. SPIKER and Spiker Logistics were free from fault.

12. Upon information and belief, Defendant COREY M. SALTER was intoxicated and/or under the influence under Louisiana law at the time of the crash. The accident report contains the following officer's narrative:

> Driver 1 was identified as Michael Cory Salter (W/M 03/01/1993). Mr. Salter had a valid Alabama license . . . After Mr. Salter was removed from the vehicle, he was conscious and complaining of leg and hip pain. While standing near Mr. Salter, I heard an EMS responder ask if he had any medication in his system that they needed

to know about prior to giving aid. I heard Mr. Salter reply by saying methamphetamines. The EMS first responder then asked how he had ingested the methamphetamines, and Mr. Salter replied that he had smoked it. The EMS responder asked if he had anything on him that would stick her or cause her any harm, and Mr. Salter pointed to the left breast pocket of his jacket. The EMS first responder then removed a black bag that contained a smoking pipe and cocaine, a white container containing synthetic marijuana, and a bottle of urine. . . I advised Mr. Salter of his Miranda Rights and told him he was being charged with the Negligent Homicide, Reckless Operation, Possession of Schedule 1, Possession of Schedule II, Possession of Drug Paraphernalia, and Possession of Fake Urine.

13. At all times pertinent hereto, defendant, CORY M. SALTER, was an employee of defendant, FLAT CREEK TRANSPORTATION, LLC, at the time of the subject accident, and was in the course and scope of his employment, thus rendering FLAT CREEK TRANSPORTATION, LLC liable for all damages and losses suffered by plaintiff JAMES S. SPIKER herein as a result of CORY M. SALTER'S negligence and fault under the theory of *respondeat superior* pursuant to Louisiana Civil Code article 2320. Additionally, FLAT CREEK TRANSPORTATION, LLC is vicariously liable for the damages caused by its employee and driver, COREY M. SALTER, by operation of law under the Federal Motor Carrier Safety Act and other applicable laws.

14. At all times pertinent hereto, Plaintiff alleges, upon information and belief, that there was of full force and effect, one or more policies of public motor vehicle liability insurance issued by Defendant, PRIME INSURANCE COMPANY to and/or in favor of Defendants, CORY M. SALTER and/or FLAT CREEK TRANSPORTATION, LLC. which policy(s) afford(s) coverage for the damages caused by the negligent acts of said Defendants; and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said defendant insurer and thereby rendering said defendant insurers liable *in solido*, with defendants, CORY M. SALTER and/or FLAT CREEK TRANSPORTATION, LLC and for damages as sued for herein.

15. At all times pertinent hereto, at the time of the accident, CORY M. SALTER was permitted to operate and did operate the Flat Creek Vehicle in the course and scope of employment, performing his duties, on behalf of FLAT CREEK TRANSPORTATION, LLC.

## **NEGLIGENCE**

16. At all times material, the Defendants, CORY M. SALTER and FLAT CREEK TRANSPORTATION, LLC, engaged in conduct constituting negligence, negligence per se, and gross negligence in the operation of the Flat Creek Vehicle and in the screening, hiring, training, monitoring and supervising of the driver of the Flat Creek Vehicle, CORY M. SALTER.

17. The sole cause of the subject motor vehicle collision and Plaintiff's injuries was the negligent acts or omissions of the Defendants, CORY M. SALTER and FLAT CREEK TRANSPORTATION, LLC, which negligence and fault consisted of, but is not limited to the following:

    A.    Failing to pay attention to what could and should have been seen;

    B.    Careless operation of a motor vehicle;

    C.    Not paying attention while operating a motor vehicle;

    D.    Failing to keep a proper lookout;

    E.    Failing to brake in time to avoid the collision;

    F.    Operating a motor vehicle at a high and/or at an excessive rate of speed;

    G.    Failing to maintain the proper degree of control of the vehicle:

    H.    Failing to stop;

    I.    Driving a vehicle in an unsafe, reckless and dangerous manner;

    J.    Improper training and experience in operating said vehicle;

    K.    Driving while under the influence of illegal narcotics;

  L. failing to act as a reasonably prudent person under the circumstances;

  M. Violation of La. R.S. 32:81;

  N. Violation of the Federal Motor Carrier Act:

  O. Violation of applicable local, state and federal highway laws and regulations regarding the operation of motor vehicles;

  P. Any and all other acts of negligence and/or legal fault which will be proved at the trial on the merits.

18. The damages suffered by JAMES S. SPIKER, resulted from the fault and/or negligence of FLAT CREEK TRANSPORTATION, LLC in the following non-exclusive particulars:

  A. In failing to train and instruct employees to adequately operate and handle employee vehicles;

  B. In failing to supervise FLAT CREEK TRANSPORTATION, LLC. employees, including CORY M. SALTER;

  C. In negligently entrusting a company vehicle to CORY M. SALTER; and

  D. In failing to property screen and monitor its drivers, including CORY M. SALTER for the use of narcotics especially while operating Flat Creek Tractor-Trailers.

## **NEGLIGENCE PER SE**

19. Plaintiff, JAMES S. SPIKER, re-alleges all of the allegations contained in Paragraphs 1-18, above, as if written *in extenso.*

20. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, CORY M. SALTER'S conduct was negligence per se.

21. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, CORY M. SALTER violated the statutes of Louisiana, applying to licensed drivers in the State of Louisiana and on all federal roadways.

22. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, CORY M. SALTER'S conduct violated statutory or regulatory duties imposed on him by Louisiana and Federal law.

23. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, JAMES S. SPIKER, was among the class of persons for whom the statutes were enacted to protect and safeguard.

24. CORY M. SALTER'S statutory violations constitute negligence per se.

25. Each negligent act or omission, whether taken singularly or in any combination, was a proximate cause of the damages of JAMES S. SPIKER.

26. In addition, as a result of the accident and the negligent acts or omissions described above, Plaintiff, JAMES S. SPIKER, sustained severe and permanently disabling injuries to his mind and body, including his arms, legs and extremities, shoulders, knees, neck, back, spine, chest/torso, head, and brain including, including, but not limited to, injuries resulting in headaches, severe post-traumatic stress disorder, severe psychological injuries and other serious injuries and limitations.

27. In addition, as a result of the accident and the negligent acts or omissions described above, JAMES S. SPIKER, has incurred past medical treatment and expenses and anticipates future medical treatment and expenses.

28. As a result of the accident and the negligent acts or omissions described above, JAMES S. SPIKER, has suffered and will continue to suffer, serious disabling injuries, physical

pain, suffering and mental anguish, post-traumatic stress disorder, severe psychological injuries, physical impairment, loss of enjoyment of life and the medical expenses for his medical treatment, disorder in the past, the present, and in the future.

29. As a result of the accident and the acts described above, Plaintiff, JAMES S. SPIKER has suffered and will continue to suffer damages, which consists of, but is not limited to, the following:

A. Past, present and future physical pain and suffering;

B. Past, present and future mental pain, anguish and suffering;

C. Past, present and future physical disfigurement and impairment;

D. Past, present and future loss of enjoyment of life;

E. Past, present and future medical expenses, physical therapy, pharmaceutical and hospital expenses, and expert costs;

F. Past, present, and future loss of wages;

G. Loss of earning capacity;

H. Loss of and damage to personal property.

30. In addition to any and all compensatory damages above, Plaintiff JAMES S. SPIKER is entitled to exemplary and punitive damages pursuant to Louisiana Civil Code article 2315.4. COREY M. SALTER was intoxicated under Louisiana law while operating the Flat Creek Vehicle at the time of the accident. Plaintiff is entitled to exemplary damages, in addition to general and special damages because of Cory Salter's wanton or reckless disregard for the rights and safety of others, which was a cause in fact of the resulting injuries.

## DEMAND FOR JURY TRIAL

31. Plaintiff hereby demands a trial by jury in this action of all issues so triable.

## PRAYER

**WHEREFORE**, the Plaintiff JAMES S. SPIKER, prays that:

I. Defendants, CORY M. SALTER, FLAT CREEK TRANSPORTATION, LLC and PRIME INSURANCE COMPANY be cited to appear and answer the COMPLAINT, and

III. Upon trial of this matter, there be a judgment entered against CORY M. SALTER, FLAT CREEK TRANSPORTATION, LLC and PRIME INSURANCE COMPANY, jointly, severally and in solido and in favor of Plaintiff, JAMES S. SPIKER, awarding an amount reasonable in the premises for the following:

   A. Past, present and future physical pain and suffering;

   B. Past, present and future mental pain and suffering;

   C. Past, present and future physical disfigurement;

   D. Past, present and future physical impairment;

   E. Past, present and future medical expenses, physical therapy, pharmaceutical and hospital expenses, and expert costs;

   F. Past, present, and future loss of wages;

   G. Loss of earning capacity;

   H. All costs of this proceeding, and judicial interest from the date of judicial demand


Respectfully Submitted,

**LABORDE EARLES LAW FIRM, LLC.**


By: /s/ Nicholas R. Rockforte
**NICHOLAS R. ROCKFORTE, Bar# 31305**
**DAVID C. LABORDE, Bar# 20907**
**DERRICK G. EARLES, Bar# 29570**
**SCOTT H. HIGGINS, Bar# 26924**
**MARY K. CRYAR (Bar#24062**)
**WESLEY K. ELMER, Bar# 23724**
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone (337) 261-2617
Fax (337) 261-1934
***Attorneys for Plaintiff- JAMES S. SPIKER***


## CERIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 12th day of August, 2020.


 /s/ Nicholas R. Rockforte
**NICHOLAS R. ROCKFORTE**


10
