UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMES S. SPIKER** | **CIVIL ACTION NO.: 3:20-cv-00517** |
| **VERUS** | **JUDGE: TERRY A. DOUGHTY** |
| **MICHAEL C. SALTER, FLAT CREEK TRANSPORTATION, LLC and PRIME INSURANCE COMPANY** | **MAG. KAYLA D. MCCLUSKY** |

## THIRD AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, JAMES S. SPIKER ("Plaintiff"), who respectfully represents:

## PARTIES

1. Plaintiff is JAMES S. SPIKER, a person of the full age of majority, domiciled, residing and a citizen of Tucker, Georgia within the County of DeKalb, State of Georgia.

2. Made defendants in this matter are ("Defendants"):

A. MICHAEL C. SALTER ("Salter"), an individual of the full age of majority, domiciled and a citizen of the State of Alabama, who may be served at 347 Baggett Road, Castleberry, Alabama 36432;

B. FLAT CREEK TRANSPORTATION, LLC ("Flat Creek"), a limited liability company, doing business in the State of Louisiana, whose principal place of business is in Kinston, Geneva County, Alabama, who may be served through its registered agent for service of process, Charles Patterson at 21477 West State Highway 52, Kinston, Alabama 36453. As a limited liability company, Flat Creek has a sole member, Charles Patterson. Charles Patterson is domiciled and a citizen of the State of Alabama. Flat Creek is a citizen of the State of Alabama and operates a nationwide, long-haul trucking company;

C. PRIME INSURANCE COMPANY ("Prime"), is a foreign insurance corporation licensed to do and/or doing business within the State of Louisiana and formed and organized under the laws of the State of Illinois, which at all times provided liability insurance coverage for the liability and faults of MICHAEL C. SALTER and/or FLAT CREEK TRANSPORTATION, LLC. Prime's principal place of business is

1

       in Sandy, Utah, and, upon information and belief, and, as a corporation, is a citizen of Illinois and Utah.  Prime can be served through its designed agent for service of process, the Louisiana Secretary of State, Mr. Kyle Ardoin, 8585 Archives Avenue, Baton Rouge, Louisiana 70809;

    D.    DAILY UNDERWRITERS OF AMERICA, INC. ("Daily"), is a foreign insurance corporation licensed to do and/or doing business within the State of Louisiana and Georgia and formed and organized under the laws of the Pennsylvania, which at all times provided uninsured/underinsured motorists insurance coverage to James Spiker. Daily's principal place of business is in Carlisle, Pennsylvania and, upon information and belief, and, as a corporation, is a citizen of Pennsylvania.  Daily can be served through via Long Arm Service at P.O. Box 39, Carlisle, PA 17013 or through its President, Robert F. Long at 1076 Harrisburg Pike, Carlisle, PA 17013.

3.    Defendants, MICHAEL C. SALTER, FLAT CREEK TRANSPORTATION, LLC, PRIME INSURANCE COMPANY, and DAILY UNDERWRITERS OF AMERICA, INC. are liable unto Plaintiff, JAMES S. SPIKER, jointly, severally, and/or *in solido* for the full sum of the amount of damages reasonable in the premises to be proven at the trial on the merits, plus interest from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief that Plaintiff is entitled to for the following to-wit:

## JURISDICTION

4.    This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Defendants are subject to personal jurisdiction in the State of Louisiana and within the Western District of Louisiana as Defendants regularly and systematically did and presently do business on a continuing bases in the State of Louisiana, including but not limited to conducting regular motor carrier interstate operations throughout the State of Louisiana and within the Western District of Louisiana. At all times material hereto, Defendant FLAT CREEK TRANSPORTATION, LLC was an interstate trucking motor carrier operating its trucks in interstate commerce nationwide and maintaining

trucking operations within the State of Louisiana. At the time of the collision in question, Defendants were operating the Flat Creek Vehicle in interstate commerce.

## VENUE

5.  Venue is proper pursuant to 28 U.S.C. § 1391, as the collision in question, which is the event or omission giving rise to this claim, occurred within the Western District of Louisiana.

## FACTUAL BACKGROUND

6.  This lawsuit arises from a collision that occurred on November 14, 2019, on Interstate 20 westbound in Richland Parish, Louisiana.

7.  On November 14, 2019, Plaintiff JAMES S. SPIKER, was the operator of a 2011 Freightliner tractor-trailer (the "Spiker Vehicle"), traveling westbound on Interstate 20. Due to traffic congestion, the Spiker Vehicle was stopped on Interstate 20 in the westbound right lane. The Spiker Vehicle was owned by Spiker Logistics and James Spiker.

8.  At same time, MICHAEL C. SALTER ("Salter") was operating a 2020 Volvo tractor-trailer (VIN 4V4NC9EH1LN252528) which was owned by FLAT CREEK TRANSPORTATION, LLC, which was towing a 2015 Wabash cargo trailer (the "Flat Creek Vehicle").

9.  At all times material hereto, MICHAEL C. SALTER was an agent, servant and/or employee of FLAT CREEK TRANSPORTATION, LLC and was operating the Flat Creek Vehicle within the express permission of Defendant Flat Creek and within the line and scope of his employment.

10. At approximately 9:30 a.m., the Flat Creek Vehicle, while operated by Defendant Salter and traveling westbound on Interstate 20 at an excessive rate of speed above the posted speed limit, suddenly and violently struck the rear-end of the Spiker Vehicle which was being

operated by JAMES S. SPIKER. Prior to the collision, Salter passed a vehicle being operated by Steven Holland, who was traveling at approximately 70 m.p.h. Defendant Salter passed Holland at a such a high rate of speed that Holland noted that Defendant Salter passed him as if he was "sitting still."

11. Prior to the crash, Defendant Salter, after passing Holland, moved the Flat Creek Vehicle into the right, inside lane. The traffic in front of Defendant Salter had come to a stop due to an earlier collision. Defendant Salter failed to brake and/or slow the Flat Creek Vehicle which resulted in the front of the tractor colliding with the rear of the Spiker Vehicle operated by Plaintiff James Spiker. The crash resulted in plaintiff, JAMES S. SPIKER sustaining severe and disabling injuries.

12. At all times herein, the Plaintiff, JAMES S. SPIKER and Spiker Logistics were free from fault.

13. Upon information and belief, Defendant MICHAEL C. SALTER was intoxicated, impaired and/or under the influence of drugs at the time of the crash in violation of Louisiana law and other federal statutes. The accident report concerning this crash contains the following officer's narrative:

> Driver 1 was identified as Michael Cory Salter (W/M 03/01/1993). Mr. Salter had a valid Alabama license . . . After Mr. Salter was removed from the vehicle, he was conscious and complaining of leg and hip pain. While standing near Mr. Salter, I heard an EMS responder ask if he had any medication in his system that they needed to know about prior to giving aid. I heard Mr. Salter reply by saying methamphetamines. The EMS first responder then asked how he had ingested the methamphetamines, and Mr. Salter replied that he had smoked it. The EMS responder asked if he had anything on him that would stick her or cause her any harm, and Mr. Salter pointed to the left breast pocket of his jacket. The EMS first responder then removed a black bag that contained a smoking pipe and cocaine, a white container containing synthetic marijuana, and a bottle of urine. . . I advised Mr. Salter of his Miranda Rights and told him he was being charged with the Negligent Homicide, Reckless Operation, Possession of Schedule 1, Possession of Schedule II, Possession of Drug Paraphernalia, and Possession of Fake Urine.

14. Following the accident, a first responder at the scene, Lauren Ogden, asked Defendant Salter if he was under the influence of anything, and Defendant Salter responded that he had ingested and was under the influence of methamphetamines. When questioned, Defendant Salter admitted that he had "smoked it." The investigation at the scene revealed that Salter was in possession of a black bag containing a smoking pipe, cocaine, synthetic marijuana and a bottle of urine.

15. At all times pertinent hereto, defendant, MICHAEL C. SALTER, was an employee of defendant, FLAT CREEK TRANSPORTATION, LLC, and was in the course and scope of his employment at the time of the subject crash, thus rendering FLAT CREEK TRANSPORTATION, LLC liable for all damages and losses, including punitive and exemplary damages, suffered by plaintiff JAMES S. SPIKER herein as a result of MICHAEL C. SALTER'S negligence and fault under the theory of *respondeat superior* pursuant to Louisiana Civil Code article 2320. Additionally, FLAT CREEK TRANSPORTATION, LLC is vicariously liable for the damages caused by its employee and driver, MICHAEL C. SALTER, by operation of law under the Federal Motor Carrier Safety Act and other applicable laws.

16. At all times pertinent hereto, Plaintiff alleges that there was of full force and effect, one or more policies of public motor vehicle liability insurance issued by Defendant, PRIME INSURANCE COMPANY to and/or in favor of Defendants, MICHAEL C. SALTER and/or FLAT CREEK TRANSPORTATION, LLC which policy(s) afford(s) coverage for all damages caused by the wrongful acts of said Defendants; and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269, thereby entitling Plaintiff to maintain this direct action against said defendant insurer and thereby rendering said defendant insurers, including PRIME INSURANCE COMPANY, liable *in solido*, with

defendants, MICHAEL C. SALTER and/or FLAT CREEK TRANSPORTATION, LLC and for damages as sued for herein.

18. At all times pertinent hereto and at the time of the accident, MICHAEL C. SALTER was permitted to operate and did operate the Flat Creek Vehicle in the course and scope of his employment, performing his duties, on behalf of FLAT CREEK TRANSPORTATION, LLC.

19. At all times pertinent herein, Defendant, DAILY UNDERWRITERS OF AMERICA, INC. was the uninsured/underinsured motorist insurer of JAMES SPIKER, the said insurance company is individually, jointly, severally, concurrently and in *solido* responsible for any and all damages set forth herein by virtue of its contractual obligation to coverage in favor and for damages caused by said underinsured Defendants.

## **NEGLIGENCE**

20. At all times material, the Defendants, MICHAEL C. SALTER and FLAT CREEK TRANSPORTATION, LLC, engaged in conduct constituting negligence, negligence per se, and willful, wanton and gross negligence in the operation of the Flat Creek Vehicle and involving and related to FLAT CREEK TRANSPORTATION, LLC's screening, hiring, training, monitoring, negligent entrustment, and supervising of the driver of the Flat Creek Vehicle, MICHAEL C. SALTER.

21. The sole cause of the subject motor vehicle collision and Plaintiff's injuries was the negligent acts or omissions of the Defendants, MICHAEL C. SALTER and FLAT CREEK TRANSPORTATION, LLC, which negligence and fault consisted of, but is not limited to the following:

    A.    Failing to pay attention to what could and should have been seen;

    B.    Wreckless operation of a motor vehicle;

C. Not paying attention while operating a motor vehicle;

D. Failing to keep a proper lookout;

E. Failing to brake in time to avoid the collision;

F. Operating a motor vehicle at a high and/or at an excessive rate of speed;

G. Failing to maintain the proper degree of control of the vehicle:

H. Failing to stop;

I. Driving a vehicle in an unsafe, reckless and dangerous manner;

J. Improper training and experience in operating said vehicle;

K. Driving while under the influence of illegal narcotics;

L. Failing to act as a reasonably prudent person under the circumstances;

M. Violation of La. R.S. 32:81;

N. Violation of the Federal Motor Carrier Act:

O. Violation of applicable local, state and federal highway laws and regulations regarding the operation of motor vehicles;

P. Any and all other acts of negligence and/or legal fault which will be proved at the trial on the merits.

22. The damages suffered by JAMES S. SPIKER, resulted from the fault and/or negligence of FLAT CREEK TRANSPORTATION, LLC in the following non-exclusive particulars:

A. In failing to train and instruct employees, including MICHAEL C. SALTER to adequately and safely operate and handle Flat Creek vehicles;

B. In failing to screen, supervise and monitor FLAT CREEK TRANSPORTATION, LLC employees, including MICHAEL C.

SALTER;

C. In negligently entrusting a company vehicle to MICHAEL C. SALTER despite his history of traffic violations, wrecks and illicit drug use;

D. In failing to adequately run background checks, screening and monitoring of drivers, including MICHAEL C. SALTER, prior to hiring to ensure that MICHAEL CORY SALTER did not pose a risk to the public;

E. In failing to properly screen and monitor its drivers, including MICHAEL C. SALTER for the use of narcotics especially prior to and while operating Flat Creek Tractor-Trailers.

## **NEGLIGENCE PER SE**

23. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, MICHAEL C. SALTER'S conduct was negligence per se.

24. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, MICHAEL C. SALTER violated the statutes of Louisiana, applying to licensed drivers in the State of Louisiana and on all federal roadways.

25. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, MICHAEL C. SALTER'S conduct violated statutory or regulatory duties imposed on him by Louisiana and Federal law.

26. Alternatively, if necessary, at all times pertinent hereto, at the time of the accident, JAMES S. SPIKER, was among the class of persons for whom the statutes were enacted to protect and safeguard.

27. MICHAEL C. SALTER'S statutory violations constitute negligence per se.

28.     Each negligent act or omission, whether taken singularly or in any combination, was a proximate cause of the injuries and damages sustained by JAMES S. SPIKER.

**NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, SCREENING, MONITORING AND SUPERVISION AGAINST FLAT CREEK TRANSPORTATION, LLC**

29.     On the date of the crash, Defendant Flat Creek was the owner, lessor, and/or lessee or, and/or had the right of control over the use of the Flat Creek Vehicle operated by Defendant Salter.

30.     On or about November 14, 2019, Defendant Flat Creek as owner, lessor, and/or lessee, and/or controller of the Flat Creek Vehicle, negligently, willfully, wantonly and/or recklessly entrusted said vehicle to Defendant Salter even after Flat Creek knew or should have known about Michael Salter's driving record which included traffic violations, wrecks, drug use and previous failed drug tests or refusal to take drug tests.  Furthermore, before hiring Michael Salter in October of 2019, Flat Creek failed to adequately inquire and question Michael Salter's previous employers about his previous history related to accidents, traffic violations, drug use and drug testing.

31.     During the pre-hiring screening of Michael Salter by Flat Creek Transportation, Michael Salter informed Flat Creek in writing on October 8, 2019, that he had previously tested positive, or refused to test, on pre-employment drug or alcohol testing in the past.  In violation of the company policy, Flat Creek hired Michael Salter anyway and allowed him to operate Flat Creek tractor trailers.

32.     During the same pre-hiring screening of Michael Slater, Flat Creek Transportation received documentation revealing that Michael Salter was issued several recent traffic violations and was involved in several accidents including the following: (A) January 9, 2019 – Speeding over 85 MPH – driving 91 in a 70 in Lee County Alabama; (B) February 18, 2019 – Accident in

Mobile County; (C) November 24, 2018 – Accident in Conecuh County. Furthermore, Flat Creek Transportation knew that Michael Salter had been terminated from his previous employer, Pitts and Sons, Inc. trucking due too many chargeable accidents. In violation of company policy, Flat Creek hired Michael Salter anyway and allowed him to operate Flat Creek tractor trailers. But for Flat Creek's negligent screening, entrustment, monitoring, supervision, and hiring of Michael Salter, Plaintiff James Spiker would not have been injured.

31. Defendant Flat Creek, as the owner, lessor and/or lessee, and/or controller of the Flat Creek Vehicle, had the authority, responsibility and duty to hire, train, supervise, monitor and/or retain drivers of its tractor-trailers operated by or on behalf of defendant Flat Creek in a manner that protected the public. Flat Creek breached this duty by allowing Michael Salter to operate a Flat Creek tractor-trailer considering Salter's history which caused Plaintiff's injuries.

32. On or about November 14, 2019, and prior thereto, Defendant Flat Creek negligently, willfully, wantonly, and or recklessly selected, hired, trained, supervised and/or retained Defendant Salter and allowed him to operate the Flat Creek Vehicle on November 14, 2019 under the direction and control of Defendant Flat Creek. Defendant Flat Creek was negligent in failing to ensure that their employees, including Defendant Salter, adhered to proper regulations and Flat Creek failed to properly evaluate Defendant Salter pre-hire and failed to supervise and retain Salter as an employee post-hire even though Flat Creek knew or should have known that Michael Salter was a dangerous driver and had the potential to use illicit drugs while operating a tractor-trailer.

33. Defendant Flat Creek owed a duty to users of the public roads and highways to act reasonably when providing and/or allowing others to drive its vehicles. Defendant Flat Creek was negligent and breached its duty to users of the public roads and highways, including Plaintiff, to

act reasonably when providing and/or allowing others to drive its vehicles, especially by allowing someone, such as Defendant Salter, to operate the Flat Creek Vehicle.

34. Defendant Flat Creek hired Defendant Salter on October 9, 2019, roughly a month before the collision, and during the hiring process, failed to adequately and properly screen and investigate Defendant Salter's past history and fitness and ability to safely operate a tractor-trailer. Flat Creek knew or should have known that Defendant Salter was a dangerous driver and that he presented a grave danger to the public. Flat Creek was negligent in failing to adequately run background checks on Defendant Salter, and in ultimately selecting Salter as an employee to operate tractor-trailers on Flat Creek's behalf. Furthermore, Flat Creek was grossly negligent in ignoring information that revealed that Michael Salter was a dangerous driver.

35. As a "motor carrier," Defendant Flat Creek was charged with and accepted certain duties of care that were intended to protect the motoring public, a class of persons to which Plaintiff James Spiker belongs. Flat Creek was charged with and accepted the following, inter alia:

    a. the duty to hire employees to operate its tractor-trailers who were licensed professional truck drivers;

    b. the duty to assure that those professional truck drivers were suitable to operate tractor-trailers upon the public streets and highways of Louisiana and across the country;

    c. the duty to conduct extensive background checks on its employees, especially professional truck drivers, before it allowed the drivers to operate Flat Creek tractor-trailers on the public roads and highways;

    d. the duty to train and supervise its employee/professional truck drivers to operate tractor-trailers safely;

  e. the duty to monitor the post-employment actions of its employee/professional truck drivers to identify those drivers, who have dangerous propensities while operating tractor-trailers or those drivers who use and/or abuse illicit drugs and alcohol, especially while operating a Flat Creek tractor-trailer;

  f. the duty to control and monitor the defendant's employee/professional truck drivers or persons with dangerous propensities;

  g. the duty to prevent its drivers from driving while intoxicated or under the influence of drugs or alcohol in violation of Louisiana Revised Statute 14:98 and 49 CFR § 392.5; and

  h. the duty not to retain those employee/professional truck drivers whose post-employment actions indicate that they posed a safety risk while operating a tractor-trailer.

  36. Defendant Flat Creek and its employees breached these duties when they failed to discharge these obligations with the degree of care required by ordinary prudence under the same or similar circumstances, all of which constituted negligence and willful, wanton and/or reckless conduct.  At the time of the crash, Flat Creek knew or should have known that Defendant Salter was a careless, incompetent and/or reckless driver who had the potential to use drugs while driving.

  37. Defendant Flat Creek failed to implement and/or execute a defined safety program and drug screening program that would have prevented the crash.

  38. Defendant Flat Creek failed to adequately contact previous employers of Defendant Salter and failed to follow up on references, as required, in order to verify his previous work history and experience in driving tractor-trailers, as well as obtaining records of previous accidents,

disciplinary actions and alcohol and drug related violations. These failures caused or contributed to the crash.

39. Upon information and belief, reasonable screening prior to hiring Salter and monitoring would have revealed that Defendant Salter had a history of drug use and current drug use, and that Defendant Salter had a deteriorating driving performance. After hiring Defendant Salter, Defendant Flat Creek failed to adequately screen and monitor this new driver and should have detected and/or prevented Salter from driving in an intoxicated state and causing the subject crash and damages. Furthermore, Flat Creek failed to implement such policies and procedures to detect Defendant Salter's drug use and other dangerous propensities.

40. The employees of Flat Creek, who served as co-drivers with Defendant Salter, including Robert Waye--who was Defendant Salter's co-driver at the time of this crash--failed to notify and/or report Defendant Salter's dangerous driving propensities and/or use of drugs and alcohol. Flat Creek is responsible for the failures of its employees, including Robert Waye, which could have prevented Defendant Salter from driving under the influence of drugs and causing this crash.

41. Upon information and belief, Defendant Flat Creek also failed to maintain, repair, and service the Flat Creek Vehicle which caused and/or contribute to the crash.

42. As a legal, direct and proximate consequences of the negligent, willful, wanton and/or reckless entrustment, screening, hiring, training, monitoring and supervision of Defendant Salter by Defendant Flat Creek, as outlined herein, Plaintiff James Spiker was severely injured, as described herein, and claims compensatory and punitive damages based on Defendants Salter's and Flat Creek's negligent, willful, wanton, and/or reckless disregard for the rights and safety of others.

43. As a result of the accident and the negligent acts or omissions described above, Plaintiff, JAMES S. SPIKER, sustained severe and permanently disabling injuries to his mind and body, including his arms, legs and extremities, shoulders, knees, neck, back, spine, chest/torso, head, and brain including, including, but not limited to, injuries resulting in headaches, severe post-traumatic stress disorder, severe psychological injuries and other serious injuries and limitations.

44. In addition, as a result of the accident and the negligent acts or omissions and wrongful conduct described above, JAMES S. SPIKER, has incurred past medical treatment and expenses and anticipates future medical treatment and expenses.

45. As a result of the accident and the negligent acts or omissions and wrongful conduct described above, JAMES S. SPIKER, has suffered and will continue to suffer, serious disabling injuries, physical pain, suffering and mental anguish, post-traumatic stress disorder, severe psychological injuries, physical impairment, loss of enjoyment of life and the medical expenses for his medical treatment, disorder in the past, the present, and in the future. Due to these injuries, Plaintiff Spiker is no longer able to operate tractor-trailers and has suffered a substantial economic loss and loss of future earning capacity.

46. As a result of the negligent acts or omissions and wrongful conduct described above, Plaintiff, JAMES S. SPIKER has suffered and will continue to suffer damages, which consists of, but is not limited to, the following:

    A.    Past, present and future physical pain and suffering;

    B.    Past, present and future mental pain, anguish and suffering;

    C.    Past, present and future physical disfigurement and impairment;

    D.    Past, present and future loss of enjoyment of life;

- E. Past, present and future medical expenses, physical therapy, pharmaceutical and hospital expenses, and expert costs;

- F. Past, present, and future loss of wages;

- G. Loss of earning capacity;

- H. Loss of and damage to personal property.

## PUNITIVE DAMAGES AGAINST DEFENDANTS MICHAEL SALTER AND FLAT CREEK TRANSPORTATION, LLC

47. Plaintiff fully adopts and incorporates all previous allegations in this section.

48. In addition to any and all compensatory damages alleged herein, Plaintiff JAMES S. SPIKER is entitled to recover exemplary and punitive damages from Defendant Salter and Defendant Flat Creek pursuant to Louisiana Civil Code article 2315.4. MICHAEL C. SALTER was intoxicated in violation of Louisiana law while operating the Flat Creek Vehicle at the time of the accident. These willful, wanton and/or reckless failures and disregard for the rights and safety of others by Defendant Salter include, but are not limited to, operating a commercial motor vehicle while intoxicated by drugs and other substances, including methamphetamines and other drugs. Upon information and belief, Defendant Salter had such a conscious disregard for the safety of others and plaintiff, that he was in possession of a clean vile of urine so that he could attempt to pass a drug test in the event of a wreck, injury and/or fatality. Flat Creek Transportation had a history of its drivers being found with bottles of urine in attempts to falsify random drug screenings. Nevertheless, Flat Creek Transportation failed to address this issue.

48. During the pre-hiring screening of Michael Salter by Flat Creek Transportation, Michael Salter informed Flat Creek in writing on October 8, 2019, that he had previously tested positive, or refused to test, on pre-employment drug or alcohol testing in the past. In violation of the company policy, Flat Creek hired Michael Salter anyway and allowed him to operate Flat

15

Creek tractor trailers. With this knowledge, Flat Creek should have followed the company policy and/or acted as a prudent employer of tractor trailer, and should not have hired Michael Salter as a tractor-trailer driver. Such actions would have prevented this crash and plaintiff's injuries.

49. Flat Creek Transportation knew that multiple previous drivers had operated Flat Creek Transportation tractor-trailers under the influence of drugs and/or alcohol and/or in the possession of illicit drugs. Furthermore, in the recent past, Flat Creek knowingly hired tractor-trailer drivers that it knew or should have known had drug charges, convictions and had the propensity to use drugs. Flat Creek should have implemented stronger safeguards to prevent the hiring of such individuals and to monitor employees while driving Flat Creek vehicles. Flat Creek failed to do so and Michael Salter's intoxication and impairment caused Plaintiff's injuries.

48. As a master and employer of Defendant Salter, pursuant to La. C.C. art. 2320, Defendant Flat Creek is vicariously liable and answerable for all damages occasioned by its servants and employees, including Defendant Salter, in the exercise of the functions in which they are employed. Thus, Flat Creek is responsible for all damages caused by Defendant Salter including, but not limited to, all exemplary and punitive damages owed to Plaintiff. With the exercise of reasonable care and control and by following federal regulations and Flat Creeks' own policies. Defendant Flat Creek could have prevented hiring Defendant Salter and could have prevented Salter from driving while intoxicated and/or under the influence of drugs on the date of the subject crash, and should have ultimately prevented the collision which caused injuries and damages to Plaintiff, but failed to do so as noted in this Complaint. By virtue of hiring Defendant Salter knowing his history, Flat Creek, as his employer, accepted the responsibility to pay for the culpable conduct of its employee Salter, as Flat Creek contributed to, or could have prevented, the conduct and intoxication that caused the collision, injury and damages alleged herein.

49. Plaintiff is entitled to recover punitive and exemplary damages from Defendants Salter and Flat Creek, in addition to general and special damages because of Michael Salter's and Flat Creek's wanton or reckless disregard for the rights and safety of others, which was a cause in fact of the resulting injuries. These punitive and exemplary damages are vicariously imputed to Flat Creek Transportation due to the willful, wanton and/or reckless conduct of their driver and employee, Defendant Salter.

## **DEMAND FOR JURY TRIAL**

50. Plaintiff hereby demands a trial by jury in this action of all issues so triable.

## **PRAYER**

**WHEREFORE**, the Plaintiff JAMES S. SPIKER, prays that:

I. Defendants, MICHAEL C. SALTER, FLAT CREEK TRANSPORTATION, LLC, PRIME INSURANCE COMPANY and DAILY UNDERWRITERS OF AMERICA, INC. be cited to appear and answer the Second Amended Complaint, and

II. Upon trial of this matter, there be a judgment entered against Michael C. SALTER, FLAT CREEK TRANSPORTATION, LLC., PRIME INSURANCE COMPANY, and DAILY UNDERWRITERS OF AMERICA, INC. jointly, severally and *in solido* and in favor of Plaintiff, JAMES S. SPIKER, awarding an amount reasonable in the premises for the following:

   A. Past, present and future physical pain and suffering;

   B. Past, present and future mental pain and suffering;

   C. Past, present and future physical disfigurement;

   D. Past, present and future physical impairment;

   E. Past, present and future medical expenses, physical therapy, pharmaceutical and hospital expenses, and expert costs;

   F. Past, present, and future loss of wages;

   G. Loss of earning capacity;

H. All damages proven at a trial on the merits; and

H. All costs of this proceeding, and judicial interest from the date of judicial demand

*Respectfully Submitted*,

**LABORDE EARLES LAW FIRM, LLC.**

By: */s/ Nicholas R. Rockforte*
**NICHOLAS R. ROCKFORTE, Bar# 31305**
**DAVID C. LABORDE, Bar# 20907**
**DERRICK G. EARLES, Bar# 29570**
**SCOTT H. HIGGINS, Bar# 26924**
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone (337) 261-2617
Fax (337) 261-1934
***Attorneys for Plaintiff- JAMES S. SPIKER***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by the clerk of court's ECF system, email, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 23rd day of September 2021.

*/s/ Nicholas R. Rockforte*
**NICHOLAS R. ROCKFORTE**