UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JAMES S. SPIKER** | **CASE NO. 3:20-CV-00517** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CORY M. SALTER, ET AL.** | **MAG. JUDGE KAYLA MCCLUSKY** |

**RULING**

Pending before the Court is a Motion for Partial Summary Judgment filed by Defendant Flat Creek Transportation, LLC ("Flat Creek") [Doc. No. 79]. Flat Creek seeks judgment as a matter of law dismissing Plaintiff James S. Spiker's ("Spiker") direct negligence claims against it. Flat Creek contends that Spiker cannot simultaneously pursue both (1) a negligence claim against Salter, for which Flat Creek will be vicariously liable if Salter is found liable; and, (2) direct negligence claims against Flat Creek for negligent hiring, training, and supervision when Flat Creek has admitted that Salter was acting in the course and scope of his employment at the time of the accident.

Spiker has filed an opposition [Doc. No. 90]. Flat Creek has filed a reply to the opposition [Doc. No. 101].

For the following reasons, Flat Creek's Motion for Partial Summary Judgment is GRANTED, and Spiker's direct negligence claims against Flat Creek are DISMISSED WITH PREJUDICE.

**I.     FACTS AND PROCEDURAL BACKGROUND**

This case arises out of a motor vehicle accident which occurred on November 14, 2019, in Richland Parish, Louisiana, when an 18-wheeler owned by Flat Creek and being operated by

Salter, an employee of Flat Creek, rear-ended Spiker's vehicle on Interstate 20. The crash injured Spiker and killed Salter's co-driver, Robert Waye. A blood sample was taken, which revealed that Salter was driving under the influence of methamphetamine. Salter pled guilty to vehicular homicide and possession of a schedule II controlled dangerous substance in Richland Parish, and he was sentenced to ten (10) years at hard labor [Salter Deposition, Doc. No. 90-5, p. 60].

Spiker alleges that the accident was caused by the negligence of Salter in operating his vehicle in a careless manner, failing to pay attention, failing to brake in time to avoid the accident, driving at an excessive rate of speed, failing to maintain control, driving in a reckless and dangerous manner, and driving while under the influence of illegal narcotics [Doc. No. 1].

Spiker further alleges that Flat Creek was directly negligent by failing to train and instruct Salter to adequately operate and handle Flat Creek's vehicles, failing to supervise Salter, negligent entrustment, and failing to properly screen and monitor its drivers for the use of narcotics [*Id.*].

Flat Creek has admitted that Salter was acting within the course and scope of his employment with Flat Creek at the time of the accident [Judicial Confession, Doc. No. 67; Answer to Third Amended Complaint, Doc. No. 78].

On October 29, 2021, Flat Creek filed the instant Motion for Partial Summary Judgment. The issues have been thoroughly briefed and the Court is now prepared to rule.

**II.     LAW AND ANALYSIS**

    **A.     Summary Judgment**

Summary judgment Ashall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.@ FED. R. CIV. P. 56(a). A fact is Amaterial@ if proof of its existence or nonexistence would affect the

2

outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is Agenuine@ if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than Asome metaphysical doubt as to the material facts.@ *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Maintainability of Simultaneously Independent Causes of Action

In diversity cases such as this, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). In Louisiana, the principle of vicarious liability provides employers are "answerable for the damage occasioned" by their employees when their employees are exercising the functions of their employment. LA. CIV. CODE ART. 2320. Vicarious liability in the employment context imposes liability upon the employer without regard to the employer's negligence or fault. *Sampay v. Morton Salt Co*., 395 So.2d 326 (La. 1981). In such cases, the liability of the employer is derivative of the liability of the employee. *Narcise v. Illiinois Central Gulf Rail Co*., 447 So.2d 1192 (La. 1983).

As indicated above, Flat Creek contends that Spiker, as a matter of law, cannot simultaneously maintain independent causes of action in tort against Salter for his actions on the date of the accident and against Flat Creek for negligent entrustment, hiring, training, screening,

3

retention, monitoring, and supervision of Salter, where Flat Creek has stipulated Salter was acting within the course and scope of his employment with Flat Creek at the time of the accident.

In support of its arguments, Flat Creek cites *Liberstat v. J&K Trucking, Inc*., 00-192 (La. App. 3 Cir. 10/11/00), 772 So.2d 173, *writ denied*, 01-458 (La. 4/12/01), 789 So.2d 598, where the plaintiffs alleged negligence of a truck driver as well as the negligent hiring and training by his employer, also a defendant. The trial court did not instruct the jury regarding the negligent hiring and training causes of action but only instructed the jury as to the negligence cause of action of the driver. The Louisiana Third Circuit Court of Appeal noted this was "an accurate reflection of the law," in affirming the trial court. *Id.,* at 179. The employer, the Third Circuit noted, would be liable for the actions of its employee under the theory of *respondeat superior*. *Id*. If the employee breached a duty to the plaintiffs, then the employer is liable under *respondeat superior*. *Id*. If the employee did not breach a duty, no degree of negligence on the part of the employer for hiring or training the employee would make the employer liable. *Id*.

Additionally, Flat Creek cites *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973 (W.D. La. November 9, 2016), where the Honorable Judge S. Maurice Hicks, Jr., surveyed the available Louisiana jurisprudence on this issue and found the best synthesis of the state decisions into single-rule statements to be as follows:

> A plaintiff *may* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when:
>
> (1) the plaintiff alleges both
>
>   (a) an *intentional* tort by the employee and
>   (b) negligent hiring, training, and/or supervision by the employer; or
>
> (2) the plaintiff alleges both

4

     (a)    negligence by the employee and

     (b)    negligent hiring, training, and/or supervision by the employer; and

     (c)    the employer does not stipulate that the employee acted in the course and scope of employment.

Conversely, a plaintiff *may not* simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the plaintiff alleges both

     (a)    negligence by the employee and

     (b)    negligent hiring, training, and/or supervision by the employer; and

     (c)    the employer stipulates that the employee acted in the course and scope of employment.

*Id*. at * 6-7 (citing *Griffin v. Kmart Corp*., 00-1334 (La. App. 5 Cir. 11/28/00), 776 So.2d 1226; *Roberts v. Benoit*, 91-0394 (La. 1991), 605 So.2d 1032; and *Libersat*, *supra*); *see also Wilcox v. Harco Internat'l Insurance*, No. 16-187, 2017 WL 2772088 (M.D. La. June 26, 2017) (citing *Dennis* with approval); *Wright v. National Interstate Ins. Co*., CV 16-16214, 2017 WL 5157537 (E.D. La. November 7, 2017) (same).

    This Court has applied the ruling in *Dennis* in several cases. See *Franco v. Mabe Trucking Co., Inc*., 5:17-CV-00871, 2019 WL 6072016, at *1 (W.D. La. Nov. 20, 2018); and *Vaughn v. Taylor*, 6:18-CV-01447, 2019 WL 171697 at *3 (W.D. La. January 10, 2019).

    Flat Creek argues that this case is analogous to the above cases and, therefore, Spiker may not simultaneously maintain independent causes of action against both Salter and Flat Creek.

    Spiker, on the other hand, argues that Flat Creek's Motion should be denied for several reasons. First, Spiker asserts that *Dennis* was wrongly decided and that this Court should depart

5

from it. Second, Spiker asserts that the purported judicial confession is invalid because Salter did not consent to it. Finally, Spiker asserts that he is seeking punitive damages against Salter and Flat Creek; therefore, testimony as to Flat Creek's independent negligence should not be limited since that same evidence will be necessary to determine punitive damages.

The Court will consider each argument in turn.

### 1. Depart from *Dennis*

Spiker contends that Louisiana tort law and comparative fault scheme will be compromised if Flat Creek's motion is granted. Spiker asserts that this Court should therefore depart from its prior holding, and the holding of the plethora of Louisiana federal district court cases which are in line with *Dennis,* and should instead follow the Honorable Judge James D. Cain Jr.'s ruling in *Gordon v. Great W. Cas. Co.*, No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *1 (Cain, J.) (W.D. La. June 25, 2020). In *Gordon*, Judge Cain acknowledged that he had previously endorsed the view set forth in *Dennis*, but nevertheless stated he had reconsidered his endorsement. He further stated:

> [T]he court is convinced that the highest court of the state would reject the rule derived from *Libersat*. The undersigned therefore finds that the Louisiana Supreme Court has and would continue to permit direct negligence claims even against an employer who is vicariously liable for the employees' negligence. *Id.* at *5.

In so holding, Judge Cain relied on two Louisiana Supreme Court decisions from 2017 and 2006: *Coulon v. Endurance Risk Partners, Inc.*, 2016-1146 (La. 3/15/17), 221 So. 3d 809, and *Foley v. Entergy Louisiana, Inc.,* 2006-0983 (La. 11/29/06), 946 So. 2d 144.

Spiker suggests that the *Gordon* court correctly interpreted *Foley* and *Coulon*, and in light of this recent departure from *Dennis* and its progeny, this Court should likewise reverse course

and follow *Gordon*'s holding that he can bring simultaneous claims for direct negligence against an employer and a claim for vicarious liability.

However, Spiker's arguments have been rejected by the district court for the Eastern District of Louisiana in *Rivera v. Robinson*, No. 18-14005, 2020 WL 5752851 (E.D. La. Sept. 25, 2020). The *Rivera* court explained:

> In *Foley*, the court considered the proper allocation of fault between a plaintiff, coworker, the employer, and the power company after an employee sustained catastrophic injuries working on an overhead, uninsulated 8,000-volt electric power distribution line. While this case considered an employee's direct claim of negligence against his own employer, somehow the district court in *Gordon* mistakenly believed it "involve[d] simultaneous claims of employer direct negligence and claims for which the employer could be held vicariously liable." *Gordon*, 2020 WL 3472634, at *4.
>
> In *Coulon*, the Louisiana Supreme Court considered the pleading requirements of the Louisiana Medical Malpractice Act (La. Stat. Ann. § 40:1231.1) where plaintiff alleged both direct and vicarious liability and found "that the allegations taken separately, under direct or vicarious liability, are sufficient to encompass the causes of action at issue." *Coulon*, 221 So. 3d at 813, 814-15.
>
> Again, the Court is of the opinion that the *Gordon* court confuses the issues. In *Coulon*, the Supreme Court of Louisiana considered a negligence claim through the purview of the Louisiana Medical Malpractice Act, which explicitly provides a medical malpractice cause of action for failure to supervise, and not Article 2315 of the Louisiana Civil Code duty-risk analysis principles. In addition, the Louisiana Supreme Court, in *Coulon*, was not faced with considering whether to allow the allegations of direct and vicarious liability to simultaneously proceed where the employer already stipulated to being vicariously liable.
>
> While the *Gordon* court argues that proper allocation of fault between tortfeasors is the fundamental purpose of Louisiana's comparative fault scheme, this rationale completely misconstrues the central holding in *Dennis*, which focuses on the but-for cause element of liability, and almost entirely ignores the text of Louisiana Civil Code Article 2320, which provides the statutory right to seek

>> damages from a tortfeasor[']s employer in the event the employer could have somehow prevented the act which caused the damage. *See* La. Civ. Code Ann. art. 2320.

Id., at *5

Although *Dennis* is not binding precedent, this Court is nonetheless persuaded by the rule and reasons pronounced therein. Additionally, the Court notes that while the Supreme Court of Louisiana has not ruled on the issue to date, it recently had the opportunity to address it but unanimously declined to do so. *See Elee v. White*, 2019-1633 (La. App. 1 Cir. 7/24/20), __ So.3d __, 2020 WL 4251974, writ denied, 20-01048 (La. 11/10/20), 303 So.3d 1038 (Mem), 2020 WL 6580733 (a seven-judge writ panel unanimously denied the plaintiff's writ application from the Louisiana First Circuit's judgment affirming partial summary judgment in favor of the defendant employer on the exact same issue); *see also Rivera,* 2020 WL 5658899 at *4 ("Although the denial of a writ does not have jurisprudential value, it demonstrates that the Supreme Court of Louisiana had the opportunity to address the question at hand but declined to do so.").

More recently, in *Martin v. Thomas*, 54,009 (La. App. 2d Cir. 8/11/2021), 326 So.3d 334, reh'g denied (Sept. 16, 2021), the Louisiana Second Circuit upheld the Trial Court's decision to summarily dismiss independent negligence claims against an employer where course and scope had been admitted and vicarious liability alleged for acts of an employee.

The aforementioned decisions by Louisiana's state appellate courts constitute the governing state substantive law on the legal question at issue, which should be applied by this Honorable Court. *See Arcement v. GeoVera Specialty Ins.-Servs., Inc.*, No. 13-5436, 2015 WL 151325 at *6 (E.D. La. Jan. 12, 2015) (*citing F.D.I.C. v. Abraham*, 137 F.3d 264, 269 (5th Cir.1998)). Accordingly, this Court need not conduct an Erie guess but merely apply the governing

Louisiana state appellate precedent on the issue.

This Court finds the reasoning of *Dennis, Rivera*, *Franco*, and *Vaughn* sound and practical and respectfully declines to follow *Gordon.*

This Court further finds that Louisiana's comparative fault scheme will not be compromised by granting this motion. Spiker's argument ignores the fact that Flat Creek will be made to pay for his damages regardless of whether it is found liable vicariously or directly. As the court noted in *Coffey v. Knight Refrigerated, LLC*, No. CV 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019), "[t]his argument does not follow, because there is no need to allocate fault between the parties when plaintiff's vicarious liability claims make [the employer] entirely liable for [the employee's] alleged negligence."

The summary dismissal of Spiker's direct negligence claim will not impinge on the factfinder's role to determine facts and assess fault. This is because Spiker's direct negligence claim against Flat Creek is essentially subsumed in the direct negligence claim against Salter. An employee driver's negligence may include his employer's negligence for lapses in hiring, training, and supervision. On the other hand, if Salter were not negligent in causing the subject accident, then a factfinder could not reasonably find that Flat Creek's failure to properly hire, train, or supervise him was a legal cause of the accident.

This argument has no merit.

### 2. Salter Did Not Consent to Judicial Confession

Spiker next argues that to the extent the purported judicial confession states that the accident was caused by the sole negligence and/or fault of Salter, the judicial confession is invalid because Salter did not consent to it.

9

The Court finds, however, that for purposes of deciding Flat Creek's Motion for Partial Summary Judgment, a prior determination of fault is not necessary. What is relevant here is the fact that Flat Creek admitted Salter was acting in the course and scope of his employment with Flat Creek in its Answer to the Third Amended Petition. [Doc. No. 78]. Furthermore, it is clear from Salter's deposition testimony that he recognizes he is at fault for the subject accident. Salter testified that the subject accident occurred because he looked down at his cellular telephone to send a text message. [Salter Depo., Doc. No. 79-9, p. 87, 88]. Salter further testified that Spiker did not do anything to contribute to the subject accident. [Id., p. 178.]

Flat Creek has clearly admitted that Salter was acting within the course and scope of his employment with Flat Creek at the time of the accident.   Therefore, this argument has no merit.

### 3.     **Punitive Damages**

Finally, Spiker argues that testimony as to Flat Creek's independent negligence should not be limited since that same evidence will be necessary to determine punitive damages.

Flat Creek responds that there is no statute that affords punitive damages against an employer for the actions of his employee; therefore, Spiker's claim for punitive damages against Flat Creek is without any legal merit.   Flat Creek further responds that Spiker is merely attempting to distract this Court from the legal issues at hand.

The issue before the Court is whether Spiker may simultaneously maintain independent causes of action in tort against Salter for his actions on the date of the accident, and against Flat Creek for negligent entrustment, hiring, training, screening, retention, monitoring, and supervision of Salter, where Flat Creek has stipulated Salter was acting within the course and scope of his employment with Flat Creek at the time of the accident. Therefore, Spiker's argument as to

10

punitive damages is not relevant or persuasive as to a determination of that issue. Additionally, this Court has in the past found that Louisiana Civil Code article 2315.4 does not allow for exemplary damages to be awarded against a vicariously liable employer of an intoxicated driver. See *Jones v. Travelers Indem. Co.,* No. 6:18-CV-00946, 2021 WL 54128, at *3 (W.D. La. Jan. 6, 2021) (Doughty, J.).[1]

Accordingly, this argument has no merit.

### III. CONCLUSION

For the foregoing reasons, Flat Creek's Motion for Partial Summary Judgment [Doc. No. 79] is GRANTED. Spiker's direct negligence claims against Flat Creek are DISMISSED WITH PREJUDICE. Due to the principle of vicarious liability, Flat Creek will remain a defendant in this matter.

MONROE, LOUISIANA, this 8th day of December 2021.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

1 Flat Creek's Motion for Partial Summary Judgment as to Punitive Damages [Doc. No. 100] is pending.

11