UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JAMES S. SPIKER                      CASE NO. 3:20-CV-00517

VERSUS                             JUDGE TERRY A. DOUGHTY

CORY M. SALTER, ET AL.            MAG. JUDGE KAYLA MCCLUSKY

RULING

Pending here is a Joint Motion for Separate Phases at Trial on Compensatory Damages and Exemplary Damages [Doc. No. 123] filed by Defendants Prime Insurance Company ("Prime") and Flat Creek Transportation, Inc. ("Flat Creek"). Plaintiff James S. Spiker (hereinafter "Spiker" or "Plaintiff") has filed an opposition [Doc. No. 137].   Prime and Flat Creek have filed a reply to the opposition [Doc. No. 140].

For the following reasons, the Motion is DENIED.

I.        FACTS AND PROCEDURAL BACKGROUND

This case arises out of a motor vehicle accident which occurred on November 14, 2019, in Richland Parish, Louisiana, when an 18-wheeler owned by Flat Creek and being operated by Defendant Cory M. Salter ("Salter"), an employee of Flat Creek, rear-ended Spiker's vehicle on Interstate 20. The crash injured Spiker and killed Salter's co-driver, Robert Waye.  A blood sample was taken, which revealed that Salter was driving under the influence of methamphetamine.  Salter pled guilty to vehicular homicide and possession of a schedule II controlled dangerous substance in Richland Parish, and he was sentenced to ten (10) years at hard labor [Salter Deposition, Doc. No. 90-5, p. 60].

Spiker alleges that the accident was caused by the negligence of Salter in operating his

vehicle in a careless manner, failing to pay attention, failing to brake in time to avoid the accident, driving at an excessive rate of speed, failing to maintain control, driving in a reckless and dangerous manner, and driving while under the influence of illegal narcotics [Doc. No. 1].

Spiker further alleged that Flat Creek was directly negligent by failing to train and instruct Salter to adequately operate and handle Flat Creek's vehicles, failing to supervise Salter, negligent entrustment, and failing to properly screen and monitor its drivers for the use of narcotics [*Id.*]. However, in a separate ruling and judgment, this Court dismissed Spiker's direct negligence claims against Flat Creek.   Due to the principle of vicarious liability, Flat Creek remains a defendant in this matter. [Doc. Nos. 104, 105]

With regard to punitive damages, Spiker asserts that Salter's wanton or reckless disregard for the rights and safety of others was a cause in fact of his injuries. Spiker argues he is therefore entitled to recover punitive damages from Salter pursuant to Louisiana Civil Code Article 2315.4. Spiker further contends that Flat Creek is liable for punitive damages.   However, in a separate ruling and judgment, this Court dismissed Spiker's punitive damages claims against Flat Creek [Doc. No. 120, 121].

In the pending motion, Prime and Flat Creek state that, in view of the judicial confessions of Defendants as to the underlying motor vehicle collision, the only remaining issues for adjudication are Plaintiff's entitlement to compensatory damages and/or punitive damages. Prime and Flat Creek therefore request this Court order that the trial of this matter proceed in two (2) separate phases, with the determination of Plaintiff's compensatory damages being adjudicated prior to the taking of any evidence regarding Plaintiff's entitlement to punitive damages. Prime and Flat Creek assert that the bifurcation of the trial would serve to protect Prime and Flat Creek

2

from being perceived in an incorrect and prejudicial light during the determination as to compensatory damages.

Specifically, Prime and Flat Creek state that Plaintiff will seek to inflame the jury with irrelevant testimony as to how Salter had allegedly smoked methamphetamine or synthetic marijuana, how he was under the influence of one or the other at the time of the collision, and as to how a death resulted from the accident.   They assert that Plaintiff will use this evidence to place additional fault on Flat Creek and to secure a larger compensatory award.

They further state that the evidence supporting punitive damages, i.e., evidence of Salter's allegedly intoxicated condition, is entirely distinct from evidence probative of Plaintiff's compensatory damages. They conclude that, given Louisiana's aversion to punitive damages, Prime and Flat Creek should not be subject to proceedings involving punitive damage evidence when they have already admitted liability for Plaintiff's injuries and have already prevailed on dismissing Plaintiff's claim for punitive damages against them.

Plaintiff responds that Fifth Circuit jurisprudence does not favor bifurcation or separation of issues at trial and that bifurcation would cause more confusion and unduly prejudice both parties, who will face significant delay in resolving the entirety of their dispute.   Plaintiff asserts that any perceived prejudice to Flat Creek and Prime that could result from a single trial on all issues can be cured by appropriate instructions to the jury.   Plaintiff further asserts that bifurcation could result in inconsistent findings as to factual issues that are common to both trials and essential to the outcome.   Plaintiff additionally argues that the interests of judicial economy will not be served by bifurcation because there will be an overlap in the proof that could potentially create unnecessary duplication of evidence and require witnesses and experts to travel and testify twice

at trial.

Plaintiff also points out that Defendant Salter has not joined the motion to bifurcate and that an extended, longer trial will create extra expenses for Salter and may prejudice his rights. Plaintiff concludes that Flat Creek and Prime have failed to demonstrate specifically how a single trial confuses the jury or causes them real prejudice.

Flat Creek and Prime reply that they are not asking for two separate trials involving separate juries; rather, they are asking for separate phases in one trial during which one jury will deliberate distinct evidence separately.

The issues are fully briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.    Legal Standard

The Federal Rules of Civil Procedure provide that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). Bifurcation is left to the discretion of the court; however, to rightly bifurcate, the issue being separated "must be distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964). The Fifth Circuit "has cautioned that separation of issues is not the usual course that should be followed[.]" *State of Ala. v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978) (citing *Swofford*, 336 F.2d at 415). Moreover, bifurcation should not be granted when it "would result in unnecessary delays, additional expense, or some other form of prejudice." *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1989).

4

**B.      Analysis**

As indicated above, Prime and Flat Creek contend that evidence of Salter's intoxicated condition at the time of the accident and his actions prior to the accident should have no place in the compensatory damage aspect of the trial.

Generally, federal district courts consider the facts on a case-by-case basis to determine whether bifurcation is in the best interests of the parties or in the interests of judicial economy. *Nester v. Textron, Inc*., 888 F.3d 151, 163 (5th Cir. 2018). The authority to conduct separate phases or separate trials is entirely discretionary. *Id*. ("[I]n our federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court").

Courts have bifurcated the issues of compensatory and exemplary damages.   For example, in *Stokes v. Captain D's, LLC*., No. 1:16-CV-152-SA-DAS, 2018 WL 1621042, *1 (N.D. Miss. Apr. 4, 2018), the Court severed the proceedings to assess compensatory damages and exemplary damages separately pursuant to a Mississippi statute. *Stokes*, 2018 WL 1621042 at *1. The Court reasoned that the issues should be separated to prevent the jury from confusing "the basic issue of fault or liability and compensatory damages with the contingent issue of wanton and reckless conduct which may or may not ultimately justify an award of exemplary damages." *Id*.

However, in *Stokes*, the Court recognized that Mississippi's statute governing punitive damages *requires* the bifurcation of the punitive damages phase of trial. Louisiana Civil Code article 2315.4 does not have the same mandate.

After weighing the competing interests, the Court finds that bifurcation, which can be used in complex trials to avoid jury confusion, is not warranted here. Among the factors weighing against bifurcation is that bifurcation could actually cause more confusion and unduly prejudice

5

all parties. Additionally, there could be an overlap in the proof that could potentially create unnecessary duplication of evidence and require witnesses to travel and testify twice at trial. Although Flat Creek and Prime declare there will be no evidentiary overlap, they can only speak as to their side of the case, as they view it, at the present time.

Notwithstanding Flat Creek and Prime's judicial confessions, if trial is bifurcated in the manner suggested by them, several issues could potentially be reexamined, including the facts of the crash, legal causation, and medical causation. The bifurcation of these issues could require separate decisions by the same jury as to factual issues that are common to both trials and essential to the outcome. Such a scenario has at least the potential to create conflicting or inconsistent results.

Inconvenience and increased costs to the parties, as opposed to judicial economy, are just as likely to result from bifurcation. *Hoover v. Florida Hydro, Inc*., Civil Action No. 07-1100, 2009 WL 2163128 (E.D. La. July 16, 2009) (denying bifurcation relying on the premise that courts should not order separate trials when it will result in additional expense, unnecessary delay or some other form of prejudice); *Mays v. Chevron Pipeline Co.,* 14-03098, 2018 WL 4390750 (W.D. La. Sept. 14, 2018) (denying motion to bifurcate where defendant failed to articulate how it would be prejudiced by a single trial and where bifurcation would add to litigation expenses).

The primary factor argued by Prime and Flat Creek in favor of bifurcation, is the avoidance of jury confusion.  However, the mere speculation that the jury might inappropriately consider evidence of Salter's intoxicated condition at the time of the accident and his actions prior to the accident when assessing compensatory damages does not outweigh the disadvantages of bifurcation. Any perceived prejudice to Flat Creek and Prime that could result from a single-phase

trial on all issues can be mitigated or entirely avoided by appropriate instructions to the jury.

The jury can be instructed on how compensatory damages are to be awarded, and the jury instructions and special jury verdict form can be written in a step-by-step progression which shows the jury exactly how to consider and award compensatory damages and then punitive damages, if appropriate.  Further, as the case is currently postured, the jury can be instructed that punitive damages cannot be assessed against Flat Creek or Prime, and can only be assessed against the defendant driver, Salter. Additionally, the special jury verdict form can include a blank only for punitive damages against Salter, and, thus, there can be no punitive damages assessed against Flat Creek or Prime.

Flat Creek and Prime object that this is a complex case and that jury instructions will be inadequate to prevent jury confusion. In support of their argument, they cite *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 117 (E.D.La.1992), stating that the Court there held that separating the issues at trial in a complex patent case was the only procedural remedy available to prevent the jury from confusing complex issues.   However, the instant case is not a patent case, nor is it complex.

Any remaining prejudice to Flat Creek or Prime is not enough to outweigh the additional cost, inconvenience, and time to which bifurcation may lead.

III.   **CONCLUSION**

For the above reasons, Prime and Flat Creek's Joint Motion for Separate Phases at Trial on Compensatory Damages and Exemplary Damages [Doc. No. 123] is DENIED.

MONROE, LOUISIANA, this 28th day of February 2022.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**